Duncan J.
If the action is not abated or dissolved by the death pf the defendant, the proceedings on it are regular. *563 An execution, tested as of a term when the defendant was alive, may be taken out and executed after his death. To make a scire facias necessary, the process must appear on its face, to have issued after the death of the party. Whatever may be the practice under the custom of London, as to giving security * 4 *i '*■* * to restore the goods and effects, if the debt be disproved, before execution be taken'out, a different practice has prevailed here, justified by the act regulating proceedings" on foreign attachments ; “ after judgment dbtained, the plaintiff shall, before sale, and after execution awarded, find security.” He has all the time before-sale, and after execution awarded, by the plain letter of the law. But the question, whether after a final judgment against the defendant in attachment, his death ipso facto dissolves it, is of more difficulty. Although this case must have often occurred; yet the objection is .not known to have been made in any authenticated case in Pennsylvania. The research of counsel has not been able to find it even to have been made in England. It is a question, new in species. The proceedings under our attachment law, may have their origin in the custom of London, but the remedy itself, is not to be extended or limited by rules established under, the custom, where such rules are broader or narrower than the laws of this state. Fisher v. Consequa, in the Circuit Court of the United States, Sergt. on Attach. 47. Nor does the course of proceeding conform to the custom; there, process issues against the original debtor on which nihil is returned, and his default recorded, on which there is a surmise, that there is another man within the city indebted to the defendant, and the scire facias issues against .such debtor, as the garnishee. Here the first process is to attach the defendant, by his goods and chattels, in whose hands soever they may be found. On the return “ attached,” at the third term judgment is entered. The action was indebitatus assumpsit,' judgment entered the third term, writ of inquiry, and judgment final.
Lands are the subject of foreign attachment in Pennsylvania, in which there can be no garnishee, and therefore the practice has been, on the judgment against the defendant, to issue execution, with directions to the sheriff to levy on the lands attached. If these proceedings were in all respects in rem, they would not abate by the death of the defendant. For some purposes they are to be so considered; for execution *564 can only be against the goods attached, and not against the person of the defendant; but to every purpose they are not; for by entering special bail, the attachment is dissolved, and it then, becomes a mere personal action.
Foreign attachment is a peculiar process to compel the appearance of the non-resident debtor, by distress and sale of the property attached, giving him full time to appear, even after judgment and execution, and contest the demand and even disprove the debt, within a year and a day after security given, without entering special bail. The declared object of the act, was to prevent non-residents from withdrawing their effects from the State, leaving their debts unpaid. This object would be defeated, if, after the plaintiff has run the tedious course of the law, and when he is about to reap the benefits of his pursuit, the death of the defendant dissolved all j and his representatives, too, would be at liberty to withdraw from the State, the effects which had been condemned to pay the judgment against him.
By the entry of special bail, the object of the law is attained. It gives the plaintiff security, by the body, the highest security known to the law. But if death dissolves the attachment, the plaintiff is deprived of all security, either of body or goods. If special bail is entered, and the defendant die pending the action, under an act of assembly, his representatives may be brought into Court in that action ; the action does not finally abate. If lands are attached, and final judgment obtained, it could not be, that by the defendant’s death, the judgment becomes extinct, and the plaintiff come in for distribution only, as a simple contract creditor.
If death would take away the lien, bankruptcy would. But in bankruptcy it is considered, that the attachment creditor, when execution is executed, still retains his lien. See the Bankrupt Law of the United States. That act takes away the lien by attachment under any law of the individual states, except where the execution is executed. A foreign attachment on the custom of the Mayor’s Court, is not dissolved by the bankruptcy of the defendant, unless the act of bankruptcy over-reach the attachment. This may be clearly inferred from the case of Barker v. Goodair, 11 Ves. jr. 78. By the certificate of bankruptcy, the body is as much relieved from arrest as by death. A foreign attachment would not be dissolved on the application of assignees, praying that an *565 qxoneretur might be entered; nor could special bail be taken from a man who could not be surrendered, or if surrendered, would, en production of his certificate, be discharged from imprisonment. Until special bail is entered, the lien continúes.. This question must arise under the arbitration systern. There the entry of the award by the prothonotary, has the effect of a judgment; but the law gives the defendant dissatisfied, the right of appeal within twenty days, on making oath or affirmation, that the appeal is not entered for delay, &c. and giving special bail. If the party dies within the twenty days, does, the award and the judgment die with him ? For the same reason would hold in that case as in this ; the impossibility of giving special bail. What have the Court decided in actions against executors or administrators, or against corporations ? That they may appeal without entering special bail. In the case which I have put, I apprehend the Courts would suffer the executor or administrator of the deceased defendant, who died within the twenty days, to make themselves parties to the suit within that time, and enter the appeal without giving special bail.
The right to dissolve the attachment depends on the condition of entering special bail. It is said, that having time until after the sale, to enter special bail, the act of God, which injures no man, depriving the party of the benefit of this condition, dispenses with the condition and extinguishes the attachment. But this would injure the plaintiff. It then becomes the duty of the Court, by an equitable construction of the act, to do justice to all, by directing security to be given to the representatives of the deceased. Then a year and a day is given them, to come into Court and proceed by writ of scire facias ad disprobandum debitum, which, like- putting in bail, puts the plaintiff to the legal proof of the demand, and lets the defendant into a full defence ; for this is the substantial operation of the security. M‘Clenachan v. M'Carty, 1 Dall. 378. If the Court did not think they were justified in this construction, they would have entertained a very different opinion from that which they have formed; because it would be against every principle of justice and of law, to deprive the representatives of the defendant of all opportunity of contesting the plaintiff’s claim ; but on the scire facias every opportunity is given them of a hearing, and of a full defence, as if the defendants had entered special bail. The *566 Court are of opinion, that the death of the defendant in a foreign attachment, after final judgment, does not abate or dissolve the attachment. The rule must, therefore, be discharged.
Rule discharged.